[Cite as *State v. Butler*, 2011-Ohio-2406.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95764**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LAWRENCE BUTLER, III

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-541288

**BEFORE:** S. Gallagher, J., Cooney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 19, 2011

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road
Suite 512
Rocky River, OH 44116

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Nathaniel Tosi
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶ 1}  Appellant Lawrence Butler, III, appeals his sentence on various counts of aggravated robbery and forgery.   For the reasons stated herein, we affirm the judgment of the trial court.

{¶ 2}  On June 29, 2010, Butler and his girlfriend violently attacked and robbed five victims at a movie theater.   They demanded money from the victims and used a large metal pipe to assault the victims.   One of the victims suffered a fractured skull with head trauma.   Another sustained a head injury that required 15 staples.   The others suffered contusions and

trauma as well. The assailants fled the scene and used one of the victims' credit cards to purchase items at a convenience store. Butler was indicted under a 22-count indictment, containing charges of aggravated robbery, felonious assault, forgery, and theft.

{¶ 3} Butler entered a plea deal with the state and entered a plea of guilty to five counts of aggravated robbery and three counts of forgery. The court nolled the remaining counts and proceeded directly to sentencing.

{¶ 4} The state presented victim impact statements and photographs of the injuries suffered by two of the victims. Butler also made a statement, and family members spoke on his behalf. Butler stated he was drinking on the night of the incident, claimed he did not remember what happened, and expressed remorse. Among other arguments, defense counsel argued against the imposition of consecutive sentences and informed the court that Butler had no adult criminal history and six prior juvenile adjudications.

{¶ 5} The trial court disagreed with defense counsel and found consecutive sentences to be appropriate. The court imposed prison terms on the five aggravated robbery counts, respective to each victim, of three, four, eight, three, and three years. The court also imposed prison terms of six months on each of the three forgery counts. Counts 2 and 3 were ordered to be served consecutive to each other and to all other terms, which were to run

concurrently. Butler received a total sentence of 15 years in prison. Postrelease control was also imposed.

{¶ 6} Butler timely appealed his sentence. He raises three assignments of error for our review under which he claims the trial court erred by (1) failing to make findings of fact prior to the imposition of consecutive sentences, (2) failing to properly sentence him under statute and *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, and (3) imposing consecutive terms of incarceration rather than concurrent terms.

{¶ 7} First, Butler claims that the trial court was required to make findings and provide reasons for imposing consecutive sentences. In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), were unconstitutional. The court recently held in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, that these provisions were not revived by the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, and that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id. at paragraphs one and two of the syllabus. Accordingly, we reject Butler's argument.

{¶ 8} Second, Butler claims the trial court failed to comply with applicable sentencing statutes and abused its discretion in imposing consecutive sentences. In *Kalish*, 120 Ohio St.3d 23, the Ohio Supreme Court set forth a two-step procedure for reviewing felony sentences, as follows: " * * * First, [appellate courts] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse of discretion standard." Id.

{¶ 9} The record in this case reflects that defense counsel articulated the statutory factors in arguing against the imposition of consecutive sentences. Though Butler claims the court failed to consider his criminal history, the record reflects that defense counsel specifically stated Butler's criminal history on the record before the court. The trial court imposed a sentence that was within the permissible statutory range. Further, the sentencing entry reflects that the court considered all the required factors of the law and found that prison was consistent with the purpose of R.C. 2929.11. The trial court imposed an aggregate sentence of 15 years. Butler provided no evidence as to sentences given to similarly situated offenders. Upon this record, we cannot conclude that his sentence was contrary to law.

{¶ 10} We next consider whether the trial court abused its discretion. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. The record reflects the violent nature of the assault and the seriousness of the injuries involved. The court heard several victim statements, heard from the defendant and family members on his behalf, and heard defense counsel's argument against consecutive sentences, which included Butler's criminal record. The court did not impose a maximum sentence for any of the offenses and imposed different prison terms in consideration of the seriousness of the injuries to each victim. The court only imposed consecutive terms for the two counts relating to the victims who suffered severe head injuries. Upon our review, we find no abuse of discretion by the trial court.

{¶ 11} Finally, Butler argues that the trial court erred by imposing consecutive terms. Here again, he claims the trial court failed to consider his lack of an adult criminal record. As discussed above, the trial court considered defense counsel's argument against consecutive sentences, which included Butler's criminal history. However, in light of the seriousness of the offenses and the severity of the injuries to two of the victims, the trial court imposed consecutive sentences on two of the counts. For the reasons

discussed above, we find no error with regard to the sentence imposed by the trial court.

{¶ 12} Butler's assigned errors are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

COLLEEN CONWAY COONEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR